IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON CONVERSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:17-03229-CV-RK |
| ) | |
| NANCY A. BERRYHILL, ACTING ) | |
| COMMISSIONER OF SSA; ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following servere impairments in combination: asthma; obesity; cervicalgia; right knee edema and cartilage loss; bipolar affective disorder; major depressive disorder; generalized anxiety disorder; cannabis-induced anxiety disorder; cannabis use, severe; panic disorder with agoraphobia; and avoidant, depressive, dependent, aggressive, self-defeating, passive-aggressive, paranoid and borderline personality traits; cannabis-induced anxiety and cannabis abuse, severe. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work with a number of limitations.[1] Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

In his sole argument on appeal, Plaintiff alleges that the ALJ failed to properly evaluate the opinion of his treating psychiatrist. The ALJ accorded little weight to the opinion of Plaintiff's treating psychiatrist, Dr. Paddolkar, because (1) the treating relationship was very recent with infrequent treatment and (2) the absence of full disclosure from the claimant reagarding substance-related issues, specifically tobacco and cannabis use. The Court finds the ALJ did not err in discussing, reviewing, or giving less weight to the medical opinion of Plaintiff's treating psychiatrist, Dr. Paddolkar. *See Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014) (the ALJ must evaluate the records as a whole; therefore, the opinions of treating physicians do not automatically control); *Lawson v. Colvin*, 807 F.3d 962, 965 (8th Cir. 2015) (In weighing a medical opinion, "an ALJ must [] consider the length of the treatment relationship and the frequency of examinations.") (citation omitted).[2] Additionally, the Court finds, as detailed in the

---

[1] With respect to mental limitations, the ALJ found Plaintiff would be limited to: simple, routine, and repetitive tasks; no contact with the public; occasional contact with coworkers and supervisors, defined as brief and superficial interactions such as daily pleasantries or directly related to work activities.

[2] Here, Dr. Paddolkar's approximately seven-month treatment was recent in that it began ten months after the alleged onset date and was infrequent in that Plaintiff's appointments were only scheduled every

Commissioner's brief, substantial evidence of inconsistency with his own notes and other medical evidence of record supports the ALJ's decision to give less weight to Dr. Paddolkar's opinion. Substantial evidence also supports the ALJ's determination that Dr. Paddolkar's opinion was issued in the absence of full disclosure of Plaintiff's substance abuse.[3] Therefore, failure to account for the full extent of Plaintiff's drug use was justification for the ALJ to discount Dr. Paddolkar's opinion.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 4, 2018

---

one to two months. Plaintiff only attended 6 treatment sessions with Dr. Paddolkar, and with the exception of Dr. Paddolkar's initial treatment visit, each visit lasted less than 20 minutes.

[3] While Dr. Paddolkar's opinion states that it was rendered absent any limitations that stemmed from drug use, the record contains substantial evidence that Dr. Paddolkar was not fully aware of the extent of Plaintiff's drug use. Plaintiff initially admitted a history, although no current, use of marijuana to Dr. Paddolkar and later admitted to smoking marijuana a couple days prior to a period of increased anxiety. Plaintiff reported no illicit drug use at all other visits with Dr. Paddolkar. However, Plaintiff admitted to marijuana use to other providers who found it significant to Plaintiff's diagnosis and admitted to smoking marijuana days before his disability hearing.